UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: ANGELA STEVENS,                                  Case No.: 14-bk-5798-JAF
                                                        Chapter 7
            Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY FREO FLORIDA, LLC**
**(Doc. 13)**

THIS CASE came before the Court upon the filing by FREO Florida, LLC ("FREO") of a Motion for Relief from the Automatic Stay ("Motion") (Doc. No. 13). Debtor filed an objection to the motion (Doc. No. 15)[1]. A preliminary hearing was conducted on January 20, 2015. In attendance was the attorney for FREO and the Debtor, who appeared *pro se*. After considering the pleadings and hearing argument of the parties, the Court makes the following findings of fact and conclusions of law.

FINDINGS OF FACT

1. On November 28, 2014, the debtor filed a voluntary petition for relief under Chapter 7, Title 11, U.S.C. and thereafter an order for relief was entered.

2. Prior to the filing of the petition, FREO leased certain residential property located at 2259 Rockybrook Court, Jacksonville, Florida (hereinafter "the Premises") to the Debtor.

3. When Debtor defaulted under the lease by failing to pay all of the rent that was

---

[1] The pleading filed by Debtor was titled: Debtor's Motion Objecting to Motion for Relief from the Automatic Stay and Debtor Motion for Sanction Against Attorney Lisa C. Cohen for Fileing [sic] This Sham Motion." In addition to objecting to the lifting of the stay, Debtor also requested an award of $50,000.00 against FREO's attorney. The pleading was construed to be objection to relief from stay only and the issue of sanctions was not discussed during the hearing.

due, FREO filed a complaint for eviction in the County Court for Duval County, Florida, case no. 16-2014-CC-12928.  On November 24, 2014, the judge in the eviction proceeding entered a "Final Judgment and Ordering Funds to Be Disbursed from the Registry of the Court," (hereinafter "Judgment").  A copy of this Judgment is attached to FEEO's Motion as "Exhibit 1."

4. In paragraphs one and two of the Judgment, the Court found that FREO is the record title owner of the leased premises and that Defendants (Debtor and her sister Kathy Stevens) had possession under a valid lease agreement dated March 20, 2014.  In paragraph three, the Court found that the Defendants had failed to pay all of the rent that was due.  The Court ruled that FREO would recover possession of the premises from the Defendants and that a writ of possession and execution would issue forthwith.

5. On November 26, 2014, a Writ of Possession ("Writ") as to the leased premises was issued by the Duval County Clerk of Courts.  A copy of the Writ is attached to FREO's Motion as "Exhibit 2."  Prior to the Writ being served, Debtor filed the instant case.

6. The first argument raised in the objection filed by Debtor as to FREO's request for relief from the automatic stay was that "Lease agreement with FREO Florida LLC is not valid on the ground that they are not the owner of property located at 2259 Rockybrook Court, Jax, FL 32208."

7. The second objection raised by Debtor referenced 11 U.S.C. section 365 as providing that "The Trustee, subject to the Court's approval, may assume . . . lease of the debtor . . ."  On January 17, the Debtor filed a "Motion to Resume Lease" (Doc. No. 17).

## CONCLUSIONS OF LAW

8. As to Debtor's argument that FREO is not the record owner of the leased premises, that issue was previously resolved by the Duval County judge ruling that FREO was the record title owner of the subject property and this finding is *res judicata* in the instant proceeding and not subject to dispute.

9. As to Debtor's argument that the subject lease is governed by section 365 of the Bankruptcy Code, that section is titled "Executory contracts and unexpired leases" and is only applicable to unexpired leases. In the instant case, the subject lease was terminated prior to the filing of the petition and thus not subject to assumption pursuant to section 365.

Based on these findings of fact and conclusions of law, this Court concludes that FREO's Motion should be granted. An Order to that effect will be entered by way of a separate document.

DONE and ORDERED in Jacksonville, Florida, this 26th day of January, 2015

_____
JERRY A. FUNK
United States Bankruptcy Judge

Attorney Lisa C. Cohen is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.